FILED
SUPERIOR COURT

2012 MAR -6 AM 11: 16

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM, ) | CIVIL CASE NO. CV1124-09 |
| ) | |
| Plaintiff, ) | **DECISION AND ORDER** |
| ) | |
| v. ) | |
| ) | |
| HELENE TORRES AND EVELYN ) | |
| O'KEEFE, IN THEIR CAPACITIES AS CO- ) | |
| ADMINISTRATRIXES OF THE ESTATE ) | |
| OF JOSE MARTINEZ TORRES, AND THE ) | |
| ESTATE OF JOSE MARTINEZ TORRES, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 24th day of June, 2011, for hearing on the Defendants' Motion to Dissolve Preliminary Injunction Order or in the Alternative to Modify Preliminary Injunction. Assistant Attorney General William C. Bischoff represented the Government, and Attorneys Joseph C. Razzano and F. Randall Cunliffe represented the Defendants. The Court now issues the following Decision and Order on the matter presented.

### DISCUSSION

The Plaintiff applied for a Preliminary Injunction to prevent the sale or transfer of the lands disputed in this case, and the disposition of any proceeds thereof. Temporary Restraining

Orders are governed by Rule 65(b) of the Guam Rules of Civil Procedure, and Preliminary Injunctions are governed by Rule 65(a) of the same rules. These types of injunctions are further circumscribed by CVR Rule 65.1(a) and (b) of the Local Rules of the Superior Court of Guam. On February 10, 2010, on the Plaintiff's application, the Court granted the issuance of a preliminary injunction for the limited duration of ten (10) days. This preliminary injunction was never renewed or extended, and thus, expired on February 24, 2010. See GRCP Rule 6(a)(2012). Accordingly, there was no existing preliminary injunction to dissolve or modify at the time Defendants filed their motion, and thus, the motion was moot. However, now that the Court is apprised of the fact that the parties believe[d] that there was an existing preliminary injunction, the Court will determine whether a preliminary injunction should be in place.

In order for the court to grant a preliminary injunction, a party must show both irreparable injury and likelihood of success on the merits. Hongkong and Shanghai Banking Corp., Ltd., v. Kallingal, 2005 Guam 13 ¶ 18; and Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers, 415 U.S. 423, 441 (1974). The Court has already considered the merits of the issuance of a preliminary injunction, and previously granted a preliminary injunction on February 10, 2010. Granny Goose Foods, Inc., 415 U.S. at 441; see also Amoco Production Co. v. Village of Gambell, Alaska, 480 U.S. 531, 546 n. 12 (1987) (Standard for issuance of preliminary injunction is "likelihood" of success on the merits, and is thus differed from the standard for either a permanent injunction or a TRO).

The issuance of injunctive relief, particularly regarding the initial TRO and preliminary injunction proceedings, is intended to be expedited and perfunctory, in order to preserve the "status quo" between parties until a final adjudication of the merits of a case. Sierra On Line,

Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); and CVR Rule 65.1(b).

The Second Circuit Court of Appeals has explained:

> [A] preliminary injunction as indicated by the numerous more or less synonymous adjectives used to label it is, by its very nature, interlocutory, tentative, provisional, ad interim, impermanent, mutable, not fixed or final or conclusive, characterized by its for the time beingness. It serves as an equitable policing measure to prevent the parties from harming one another during the litigation; to keep the parties, while the suit goes on, as far as possible in the respective positions they occupied when the suit began. For the foregoing reasons, we cannot hold that the judge should have dismissed the complaint on the merits.

Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738, 742 (2d Cir. 1953).

In this case, at the present time, the Court has yet to determine whether the Plaintiff has properly set forth causes of action which may proceed to trial, and previously ordered the Plaintiffs:

> If no amendment is made to allege facts necessary to state a mutual mistake, a fraud, breach of fiduciary duty, fraudulent inducement or other false or fraudulent action by the Defendants in obtaining this deed through unilateral mistake perpetrated by the Defendants, under 20 GCA § 3230, the remedy of revision/reformation will be subject to automatic dismissal, and will not be available at trial.

Government of Guam v. Torres, et. al., CV1124-09, Decision and Order, p. 19, Conclusion (filed July 29, 2010).

On February 17, 2012, the Court heard arguments on the Defendants' latest motion to dismiss the complaint in this case, and will be determining whether the complaint will be finally dismissed or continue to determination on the merits. Accordingly, the Court will determine whether a preliminary injunction should be in place for the duration of this period.

The Ninth Circuit Court of Appeals has tellingly found that the requirement of a particular form of evidence or manner of presentation of argument at a preliminary injunction hearing "would in effect require a full hearing on the merits and would thus defeat one of the

purposes of a preliminary injunction which is to give speedy relief from irreparable injury." Ross Whitney Corp. v. Smith Kline & French Laboratories, 207 F.2d 190, 198 (9th Cir. 1953). Due to the exigency of preliminary proceedings, there is no requirement as to the form or manner of the presentation of the arguments or evidence to determine whether a preliminary injunction should issue. As stated by the District Court of California, "Rule 65, to the extent applicable here, merely requires that notice be given and hearing be had, both of which were satisfied in the proceedings in the court." Kennedy for and on Behalf of N. L. R. B. v. Sheet Metal Workers, 289 F.Supp. 65, 90 (Dist. Ct. Cal. 1968).

In this case, the Court has already previously determined that a preliminary injunction was merited. Thus, in order to maintain the status quo, the Court finds that a preliminary injunction should issue. However, more importantly, at this procedural juncture in the case, after the Court's most recent decision and motion hearing, it is apparent that the Court must now determine the actual claims, if any, which will proceed to determination on the merits. Based upon this factor, it is apparent that to attempt to apply or re-apply the "likelihood of success" test to claims which have not yet been determined would be an exercise in futility. Accordingly, the Court will first determine the claims, if any, which have been stated by the Plaintiff, after which, the Defendants may proceed to challenge the status of the preliminary injunction in this matter.

## CONCLUSION

After considering the motion, the Court finds that the arguments therein were moot, as the Preliminary Injunction issued on February 10, 2010, expired on February 24, 2010 (see GRCP Rule 6(a)), and was never extended. Therefore, the preliminary injunction was not in effect at the time that the Defendants filed their motion to dissolve it on March 18, 2011. Based

upon the foregoing, the Motion to Dissolve Preliminary Injunction Order or in the Alternative to Modify Preliminary Injunction is DENIED as moot. However, after considering the procedural posture of the case, and the nature and purpose of a preliminary injunction, the Preliminary Injunction issued on February 10, 2010 is now RENEWED and EXTENDED until resolution of the issue of whether the Plaintiffs have properly set forth claims as taken under advisement on February 17, 2012. The Defendants are hereinafter restrained and enjoined from disposing of or transferring title or possession of Lots AL-002, AL-002-1, and AL-002-2, and/or disposing of any of the proceeds therefrom. Pursuant to GRCP Rule 65(c), no security is required of the Plaintiff, as the Government of Guam. If it is determined that the Plaintiffs have properly set forth a cause of action upon which the Court will proceed, the Defendants may file a new motion to request dissolution of the preliminary injunction.

**IT IS SO ORDERED** this   MAR 0 6 2012                .



HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam